April 20, 1906.

———————o———————

No. 3885.

(Court of Appeal, Parish of Orleans.)

## R. M. COTTON & COMPANY vs. TEXAS & PACIFIC RAILROAD COMPANY.

The record showing that the injured mule for which the District Court awarded plaintiff full value, is yet in his possession and is valuable, the cause will be remanded in order that the present value below.

Plaintiff must prove with legal certainty every item of damage of the animal be ascertained and thus deduced from the award made or loss which he claims.

Appeal from Civil District Court, Division "E."

P. L. Fourchy, for Plaintiff and Appellee.

Howe, Spencer and Cocke, Sol. Wolff, for Defendant and Appellant.

ESTOPINAL, J. Plaintiff sued the defendant to recover the sum of Three Hundred and Fifty Dollars ($350.00), alleging substantially that on the 25th day of November, 1904. a train of defendant company was backed at a rapid rate of speed

on Levee street, and ran into and permantly injured a mule and damaged a float and harness belonging to petitioner.

That the accident was due to the gross negligence of defendant company, there being no flagman stationed at the corner of Levee and Terpsichore streets, where the accident occurred, nor any other signal or warning of any kind given of the approach of a train.

Plaintiff avers that the mule was worth Two Hunderd and Fifty Dollars ($250.00); that the float was damaged to the exof one dollar and fifty cents ($1.50), and that the sum of sixty-eight dollars was paid Dr. Ford Bros., veterinary surgeons, for attention to the injured mule.

The defendant pleads contributory negligence.

Judgment below was renedered in favor of plaintiffs.      ,

Our very careful brother of the District Court believed that the witnesses who testified for the plaintiff told the truth. He enjoyed the advantage of seeing and hearing them, and we will not disturb his finding in the main, on the question of fact involved here.

We have read every line of testimony taken on the trial in the lower Court, and this shows, to our entire satisfaction, that the defendant company was guilty of unpardonable negligence and carelessness on the occassion of this accident.

Plaintiff's float, driven by a negro, was on its way out Terpsichore street going on the river front. To reach its destination it must of necessity cross the tracks of the Texas & Pacific Railroad, four in number, on Levee street. Seeing no flagman at the intersection of these two streets, and seeing no locomotive or moving train, the driver naturally attempted, as he had a right to do, in the absence of any warning, to cross the tracks of the defendant company. A locomotive some distance away was engaged in switching and placing cars, and it is shown that three freight cars, intended to be placed beyond Terpsichore street, were started by this engine, and that when sufficient momentum was given the cars, they were uncoupled from the locomotive and permitted to roll in position.

This, we gather from the testimony, is called "kicking cars." Unless every precaution is taken, we believe that the pernicious

custom of "kicking cars," especially in streets of a city congested as was the case here with freight cars which obstructed the view, must be fruitful of many accidents.

When a locomotive is attached to moving cars the ringing, puffing, and whistling are elements of warning independent of flagman, which cannot be ignored. How different this is from a freight or box-car which is given a hard shove and sent on its way unattended by the motive power. and suddenly and unannounced breaks out at the crossing from among a large number of standing cars which conceal its approach, it is useless to discuss. Such were the conditions here.

The defendant fearing that the doctrine laid down by the Supreme Court, "That failure to place its employees on the witness stand would be taken as a presumption prejudicial to it," announces through counsel that every employee had been examined in Court who was thought to know anything about the trouble. So far, so good.

Our reading of the testimony given by defendant's witnesses, however, has made any other but a favorable impression.

We discover conflicts in their testimony that are not reconcilable, and the halting and equivocating manner in which they deliver themselves, makes their version of the accident unworthy of credence.

Several witnesses who testify for the plaintiff saw no flagman, and although subjected to a rigid cross-examination at the hand of able and resourceful counsel, their evidence is not materially shaken as to that and other material pariculars.

But, says counsel for defendant, if it be true that there was no flagman at the crossing, his absence should have served as a warning to the driver of the float, and he should have "stopped, looked and listened," and that by his failure to "stop, look and listen," he contributed to the accident and lost his right to recover.

We cannot agree with counsel, but on the contrary, take the opposite view.

Under the custom, which is established by testimony of defendant's witnesses, in-action or absence of the flagman amounts to notice that the way is clear.

The evidence shows that the flagman waves his flag as a warning that a train is approaching; that there is danger, but he makes no sign, and none is expected from him when no trains are in motion, and about to make a crossing.

The District Court gave Judgment for the value of the mule. The animal has never been tendered the defendant, and is still in the possession of plaintiff.

Plaintiff is not entitled to both the full value of the mule and the mule also. The plaintiff himself admits that the mule, though not servicable for city work, may be used in the country. Plaintiff is only entitled to Two hundred and fifty ($250.00), less the value of the mule, on which subject the record is silent except as to plaintiff's general statement that it may be used in the country.

The value of the mule should be definitely determined. ,

We think the defendant is rightfully entitled to a clearer statement of the claim made for veterinary's services upon the matter, no alternative is left us but to remand this case to the District Court for the purpose of taking evidence comformably to the suggestions above made.

Judgment appealed from reversed and cause remanded to allow plaintiff to prove by competent evidence what is the present value of the mule in order that it may be deducted from the amount awarded by the District Court, and to allow also the taking of testimony on the item of the veterinary's account claimed, the testimony already in the record to remain without being offered, costs of appeal to be paid by plaintiff and appellee, and those of the lower Court to await the final determination of the cause.